## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**EDWARD LEE LEWIS,**

      **Plaintiff,**

**v.**                                   **Case No. 2:16-cv-07366**

**ANTHONY LEONARD, Administrator,**
**and JOHN and JANE DOES,**[1]

      **Respondents.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Letter-Form Motion for Emergency Injunction (ECF No. 2).

### RELEVANT PROCEDURAL HISTORY

On August 9, 2016, the presiding District Judge entered an Order (ECF No. 1) directing the Clerk to open the instant civil action to address the plaintiff's Letter-Form Motion for Emergency Injunction (ECF No. 2), which alleges various claims concerning

---

[1] Because the plaintiff's Letter-Form Motion originated in his criminal case, the docket sheet for the instant civil action lists the United States of America as the respondent (hereinafter "defendant"). However, a closer reading of the Letter-Form Motion indicates that Anthony Leonard, the Administrator of the South Central Regional Jail, and numerous John and Jane Does, who are listed as being correctional officers, counselors or medical staff at the South Central Regional Jail, were the intended defendants. Accordingly, the Clerk is directed to modify the docket sheet to reflect the proper defendants listed on page one of the Letter-Form Motion (ECF No. 2).

the plaintiff's conditions of confinement at the South Central Regional Jail.  Specifically, the Letter-Form Motion asserts that the plaintiff was assaulted by another inmate while on protective custody, that he was being denied a haircut, law library time, eye glasses, medication, voucher money for use upon his release from custody, and that he was being punished for filing requests and grievances concerning these matters.

The Letter-Form Motion for Emergency Injunction asserts that such conditions of confinement "fall under cruel and unusual punishment."  (*Id.* at 1).  As noted by the presiding District Judge in his Order directing the opening of the instant civil action, the Letter-Form Motion "appears to raise claims under the Eighth Amendment to the United States Constitution."  (ECF No. 1 at 1).  As further noted by the presiding District Judge, the Letter-Form Motion "seeks an injunction either rectifying these conditions to protect his safety or sending him to a federal correctional facility pending his release from custody on or about September 25, 2016."  (*Id.*)  The plaintiff also requests that the SCRJ be required to provide him and the court with copies of his requests and grievances and to pay his filing fees.  (*Id.*)

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(a) and (b).  A district court must also dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.,* 503 F.2d 512 (4th Cir. 1974); *see also*

*Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

The plaintiff's Letter-Form Motion for Emergency Injunction seeks only injunctive relief in the form of a court order rectifying the alleged problems with his conditions of confinement and protecting his safety or sending him to a federal correctional facility pending his release from custody. However, this court cannot presently grant the requested relief because the plaintiff was released from the SCRJ to serve a term of supervised release on or about October 21, 2016. (*See* Case No. 2:02-cr-00042, ECF Nos. 273 and 274).

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his

incarceration there.")

In light of the petitioner's release from custody at the SCRJ, the undersigned proposes that the presiding District Judge **FIND** that his claims for injunctive relief related to his conditions of confinement there are now moot. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Letter-Form Motion for Emergency Injunction (ECF No. 2) and dismiss this civil action from the docket of the court, and waive the applicable filing fee.[2]

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

---

[2]   The plaintiff has neither paid the applicable $400 filing fee nor filed an Application to Proceed Without Prepayment of Fees and Costs.

727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the petitioner.

December 14, 2016

Dwane L. Tinsley
United States Magistrate Judge